PONDER, Justice.
In this suit the plaintiffs are seeking to recover damages from the defendant for alleged defects in a dragline excavator, which they had purchased from the defendant and for the loss of the use of the machine for a period of sixty days on account of the defects in the machine.
The plaintiffs sought to interpose this claim for damages by way of reconvention in a suit brought by the defendant against them for the balance due on the purchase price of the machine. The lower court refused to entertain the demand for damages as a reconventional demand and it was docketed and proceeded with in the lower court as a separate suit.
In this suit for damages service was made on a purported representative of the defendant corporation. The service was contested and the court, on motion of counsel for the plaintiffs, ordered service to be made on the Secretary of State.
The defendant corporation entered a plea challenging the jurisdiction of the court ratione personae. The plaintiffs petitioned the court in these proceedings for an attachment to protect the plaintiffs’ rights in the suit alleging that the defendant was a nonresident corporation, obtained an order of court appointing a curator to represent the defendant and seized the rights and interests of the corporation in the suit it had filed against the plaintiffs seeking to recover the balance due on the purchase price of the machine. The lower court sustained the plea to its jurisdiction ratione personae and the plaintiffs’ demand for a personal judgment against the defendant was dismissed. The plaintiffs applied to this court for writs which were denied on the ground that they had an adequate remedy by appeal. Plaintiffs have appealed.
The defendant has moved to dismiss the appeal on the ground that the judgment is interlocutory and that there is no appeal from the judgment in the absence of any showing of irreparable injury.
The plaintiffs’ suit was instituted to recover a personal judgment for damages and the attachment proceedings were brought to protect the plaintiffs’ interests in the suit because the lower court had refused to entertain it as a reconventional demand. The attachment proceedings are ancillary. The judgment dismissing the plaintiffs’ suit for damages is final and the plaintiffs are entitled to an appeal. Article 565, Code of- Practice. The fact that the ancillary proceedings have not been disposed of does not alter the fact that the judgment is final. No further steps can be taken to secure a judgment for personal damages in the lower court and the plaintiffs’ only remedy is by appeal.
For the reasons assigned, the motion is denied.